# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SARA YAMILETH RUIZ FLORES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-01353-JD |
| | ) | |
| FRED FIGUEROA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

On July 1, 2026, the Court issued an Order to Show Cause to Respondents [Doc. No. 15] following the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026). The Court's Order directed Respondents to show cause within seven days why the Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 should not be granted in part and why Petitioner should not be provided with a bond hearing or else released under *Santillan Quiroz*'s direction and instructions.

Respondents failed to respond timely to the Court's Order to Show Cause, so the Court views Respondents' lack of response as a concession that *Santillan Quiroz* controls this Court's decision in this habeas action. Therefore, in accordance with the Tenth Circuit's decision in *Santillan Quiroz*, the Court grants in part Petitioner's Petition by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226. The Court, however, declines to address Petitioner's remaining claims. *See Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445–46 (1988) ("A fundamental and

longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them. If no additional relief [beyond the statutory claim] would have been warranted, a constitutional decision would have been unnecessary and therefore inappropriate.”).

Consequently, the Court GRANTS the Petition [Doc. No. 1] in part and ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order or otherwise release Petitioner if Petitioner has not received a bond hearing within that period. A separate judgment will follow.

IT IS SO ORDERED this 9th day of July 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

2